UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LAKE CHEROKEE HARD DRIVE TECHNOLOGIES, LLC, a Texas limited liability company,<br><br>            Plaintiff,<br><br>vs.<br><br>MARVELL SEMICONDUCTOR, INC., a California corporation; MARVELL ASIA PTE, LTD., a Singapore corporation; DELL INC., a Delaware corporation; and WESTERN DIGITAL TECHNOLOGIES, INC., a Delaware corporation;<br><br>            Defendants. | CASE NO. 2:13-cv-00762<br><br>**JURY DEMANDED** |

## Lake Cherokee's First Amended Complaint for Patent Infringement

Plaintiff Lake Cherokee Hard Drive Technologies, LLC ("Lake Cherokee") sues Defendants Marvell Semiconductor, Inc.; Marvell Asia Pte, Ltd.; Dell Inc.; and Western Digital Technologies, Inc.

**Introduction**

1.     Plaintiff Lake Cherokee owns the inventions described and claimed in United States Patent No. 5,583,706 entitled "Decimation DC Offset Control in a Sampled Amplitude Read Channel" ("the Patent"). Defendants (a) have used and continue to use Plaintiff's patented technology in products that they make, use, import, sell, and offer to sell, and/or (b) have contributed to or induced, and continue to contribute to and/or induce, others to infringe the Patent. Lake Cherokee seeks damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, the technology claimed by the Patent without Plaintiff's permission.

**Jurisdiction and Venue**

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this Court because Defendants are responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and have delivered or caused to be delivered their infringing products in the Eastern District of Texas.

**Plaintiff Lake Cherokee**

4. Plaintiff Lake Cherokee is a Texas limited liability company existing under and by virtue of the laws of the State of Texas.

**The Patent**

5. The United States Patent and Trademark Office issued the Patent (attached as Exhibit A) on December 10, 1996.

6. Through assignment, Plaintiff is the owner of all right, title, and interest in the Patent, including all rights to pursue and collect damages for past infringement of the Patent.

**Defendants**

7. Upon information and belief, Marvell Semiconductor, Inc. ("MSI") is a corporation organized and existing under the laws of the State of California. Marvell is registered to do business as a foreign for profit corporation in the state of Texas. Marvell's foreign corporation registration lists CT Corporation System as its registered agent for service of process.

8. Upon information and belief, Marvell Asia Pte, Ltd. ("MAPL") is a Singapore corporation headquartered at No. 8 Tai Seng Link, Singapore 534158.

9. MAPL is a nonresident corporation that engages in business in the state of Texas. MAPL's accused products are sold in the state of Texas.

10. MAPL does not maintain a regular place of business in Texas or a designated agent for service of process in Texas.

11. Lake Cherokee's claims against MAPL arise out of the business done by MAPL in this state.

12. Upon information and belief, MAPL's home office is at No. 8 Tai Seng Link, Singapore 534158.

13. Upon information and belief, Dell, Inc. ("Dell") is a Delaware corporation with its principal place of business in Round Rock, Texas.

14. Upon information and belief, Western Digital Technologies, Inc. ("Western Digital") is a Delaware corporation.

## CLAIM FOR PATENT INFRINGEMENT

15. Plaintiff incorporates by reference each of the allegations in paragraphs 1-14 above and further alleges as follows:

16. The United States Patent and Trademark Office issued the Patent on December 10, 1996. Plaintiff is the owner of the Patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

### Marvell

17. MSI and MAPL (collectively, "Marvell") have infringed the Patent, and unless enjoined, will continue to do so, by making, using, selling, offering for sale and/or importing infringing products and services, without a license or permission from Plaintiff. Marvell's infringing products include, without limitation, read channel systems-on-a-chip (SOCs) for use in hard disk drives. These products include, but are not limited to, chips with product numbers beginning with 88i.

18. Marvell has actively induced customers (including direct and indirect customers) of its read channel SOCs to infringe the Patent, and unless enjoined, will continue to do so. On information and belief, Marvell first knew of the patent in 1999. Since then, Marvell offered and continues to offer its read channel SOCs for sale. Marvell knew that its actions would induce customers of its read channel SOCs to infringe the Patent. These actions include (but are not limited to) placing its read channel SOCs in the stream of commerce knowing that its customers

would (1) make, use, or offer to sell infringing products containing the read channel SOCs within the United States, and (2) import infringing products containing the read channel SOCs into the United States.  In addition, Marvell played and continues to play a fundamental role in manufacturing, packaging, and assisting in the development of infringing products for its customers to (1) make, use, or offer to sell in the United States, and (2) import into the United States.  Marvell knew that its customers' products would be sold, offered for sale, or imported into the United States, and knew and intended that such sales would infringe the Patent.  Marvell also instructed, and continues to instruct, customers to use its read channel SOCs in an infringing manner through, without limitation, advertisements, product documentation, technical specifications, and customer support.  Marvell knew that its read channel SOCs were designed such that normal use by its customers would infringe the Patent.  As a result of Marvell's inducement, customers of Marvell's infringing products have infringed and continue to infringe the Patent.

19. Marvell sold, offered to sell, and/or imported products (including, without limitation, read channel SOCs for use in hard disk drives), and continues to sell, offer for sale, and/or import products for use in practicing the Patent.  Infringing components in these products have no substantial non-infringing uses, and are known by Marvell to be especially made or especially adapted for use in the infringement of the Patent.  As a result of Marvell's inducement, Marvell's customers have infringed and continue to infringe the Patent.  Marvell knew that its infringing products were especially made for infringement of the Patent; that they were not a staple article or commodity of commerce; and that they have no substantial non-infringing use.

20. Marvell's infringement of the Patent has been willful.  On information and belief, Marvell first knew of the patent in 1999.  Marvell has disregarded an objectively high likelihood that its actions infringe the Patent. This risk has been known to Marvell, or was so obvious that it should have been known to it.

21. Plaintiff has been damaged by Marvell's infringement of the Patent.

4

**Dell Inc.**

22.     Defendant Dell Inc. ("Dell") has infringed and unless enjoined, will continue to infringe the Patent by making, using, selling, offering for sale and/or importing infringing products and services, without a license or permission from Plaintiff.  Dell's infringing products include, without limitation, hard disk drive products that contain Marvell read channel SOCs, including those obtained from MSI and MAPL.

23.     Plaintiff has been damaged by Dell's infringement of the Patent.

**Western Digital Technologies, Inc.**

24.     Defendant Western Digital Technologies, Inc. ("Western Digital") has infringed and unless enjoined, will continue to infringe the Patent by making, using, selling, offering for sale and/or importing infringing products and services, without a license or permission from Plaintiff.  Western Digital's infringing products include, without limitation, hard disk drive products that contain Marvell read channel SOCs, including those obtained from MSI and MAPL.

25.     Western Digital has actively induced and continues to induce customers of its hard disk drive products to infringe the Patent.  Western Digital instructed customers to use its read channel SOCs in an infringing manner through, without limitation, advertisements, product documentation, technical specifications, and customer support.  Western Digital also programs its hard disk drive products containing Marvell read channel SOCs such that normal use will infringe the Patent.  As a result of Western Digital's inducement, customers of Western Digital's infringing products have infringed and will continue to infringe the Patent.

26.     Plaintiff has been damaged by Western Digital's infringement of the Patent.

**Jury Demand**

Plaintiff demands trial by jury of all issues.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment as follows:

A.     A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe the Patent;

B.     Compensatory damages for Defendants' infringement of the Patent;

C.     Enhanced damages for Marvell's willful infringement;

D.     Costs of suit and attorneys' fees;

E.     Pre-judgment interest; and

F.     Such other relief as justice requires.

Dated: March 6, 2014                            Respectfully submitted,

By: */s/ Christin Cho (with permission by Robert Christopher Bunt)*
Gregory S. Dovel
CA State Bar No. 135387
(admitted to practice before the U.S. District Court for the Eastern District of Texas)
Julien Adams (admitted to practice in the Eastern District of Texas)
CA State Bar No. 156135
Christin Cho
CA State Bar No. 238173
(admitted to practice before the U.S. District Court for the Eastern District of Texas)
*Dovel & Luner, LLP*
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: christin@dovellaw.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687

rcbunt@pbatyler.com  
charley@pbatyler.com

ATTORNEYS FOR PLAINTIFF, LAKE CHEROKEE HARD DRIVE TECHNOLOGIES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record, who are deemed to have consented to electronic service are being served this 6th day of March, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Christin Cho (with permission by Robert Christopher Bunt)*
Christin Cho